UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOPHIA SCHIRALLI,

Plaintiff,

v.

AUDIOCHUCK, LLC,

Defendant.

Case No. 26-cv-13979

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Sophia Schiralli's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Plaintiff brings this action under 18 U.S.C. § 1030, the Computer Fraud and Abuse Act (CFAA), alleging as follows:

> From approximately January 2026 through April 2026, with a severe and highly disturbing intrusion occurring during the evening hours (including a most disturbing incident on March 27, 2026), Defendant, Audiochuck LLC knowingly facilitated, permitted, or engaged in an unauthorized breach of digital boundaries via the Spotify app. Defendant deployed or utilized software mechanisms to establish non-

> consensual, two-way interaction, data transmission, and non-consensual access on Plaintiffs Spotify account via her personal cellular phone, in direct violation of federal computer safety and data integrity standards under l8 U.S.C. § 1030.

(ECF No. 1, PageID.3).

Plaintiff also asserts a claim for common-law intrusion on seclusion:

> This electronic intrusion occurred while Plaintiff was in bed in Plaintiff's private bedroom in her own residency at night—an environment where an individual has the highest expectation of privacy and safety under the law. By facilitating an unauthorized two-way digital presence inside Plaintiff's private bedroom safe zone during sleeping hours, Defendant committed a severe, intentional, and highly offensive intrusion upon Plaintiff's seclusion, causing ongoing sleep deprivation, worsening of PTSD, extreme distress, and a total compromise of personal safety.

*Id.*

As relevant here, § 1030(a)(2)(C) of the CFAA instructs that one who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer . . . shall be punished." 18 U.S.C. § 1030(a)(2)-(a)(2)(C). But the Act creates a private right of action only where "the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." *Id.* at § 1030(g); *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 299 (6th Cir. 2011) (explaining that the CFAA "criminalizes certain computer-fraud crimes and creates a civil cause of action").

Of those five subclauses, the only one potentially at issue here is subclause (I), which covers "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I). "Taking all of this together, to allege a violation of § 1030(a)(2)(C), [Plaintiff] must plead that: (1) Defendant[] intentionally accessed a computer; (2) the access was unauthorized or exceeded Defendant['s] authorized access; (3) through that access, Defendant[] thereby obtained information from a protected computer; and (4) the conduct caused loss to one or more persons during any one-year period aggregating at least $5,000 in value." *Royal Truck & Trailer Sales & Serv. v. Kraft*, 974 F.3d 756, 759 (6th Cir. 2020).

Here, Plaintiff only asserts in conclusory fashion that Defendant "engaged in an unauthorized breach of digital boundaries," with no supporting facts included to plausibly allege the element of unauthorized access. And Plaintiff, apart from her general request for damages, also fails to allege any specific monetary loss resulting from Defendant's conduct, let alone a loss of at least $5,000. The Court therefore concludes that Plaintiff has failed to state any claim for civil liability under 18 U.S.C. § 1030.

Next, "to succeed on a claim of intrusion upon seclusion, a party must establish three elements: (1) the existence of a secret and private subject matter; (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the

obtaining of information about that subject matter through some method objectionable to a reasonable man." *Bridging Cmtys., Inc. v. Hartford Cas. Ins. Co.*, 345 Mich. App. 672, 684 (Mich. Ct. App. 2023) (cleaned up). Because Plaintiff fails to plausibly explain the nature of the alleged "intrusion" and her complaint does not state what information Defendant allegedly accessed, she likewise has failed to state any claim for an intrusion upon seclusion.

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: November 19, 2026

s/Robert J. White
Robert J. White
United States District Judge